# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD PAUL SHOVER, II, | : | |
| Petitioner | : | |
| | : | CIVIL NO. 3:17-CV-0518 |
| v. | : | |
| | : | (Judge Nealon) |
| JESSICA E. BRUBAKER, JUDGE, | : | (Magistrate Judge Saporito) |
| Respondent | : | |

## **MEMORANDUM**

**Background**

On March 27, 2017, Petitioner, Richard Paul Shover, II, an inmate currently confined at the Cumberland County Prison in Carlisle, Pennsylvania, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).

On April 18, 2017, Magistrate Judge Saporito issued a Report and Recommendation, construing the petition as a Section 2241 petition and recommending that the petition be dismissed without prejudice for failure to exhaust state remedies and for lack of extraordinary circumstances.  (Doc. 7). Neither party has filed objections.  For the reasons discussed herein, the Report and Recommendation will be adopted, and the petition will be dismissed without prejudice.

**Standard of Review**

When neither party objects to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In the petition, Petitioner asserts that he "is being unlawfully held in custody despite his express reservation of rights under Uniform Commercial Code Sections 1-308 and 1-103 and despite his not having entered into any contract or commercial agreement that would grant jurisdiction to the state criminal court."

(Doc. 7, pp. 1-2). Petitioner also claims that the state court "refused to interact with him at his preliminary hearing, speaking only to court-appointed defense counsel, and that it has denied or refused to rule on his motion to proceed *in propria persona* in defending against the criminal charges against him." (Doc. 7, p. 2).

In the Report and Recommendation, Magistrate Judge Saporito provides the factual and procedural background of the case and the applicable standards of review for a Section 2254 petition filed by a pretrial detainee and a Section 2241 petition, all of which are herein adopted. (Doc. 7, pp. 2-4). Ultimately, Magistrate Judge Saporito liberally construes the petition as a Section 2241 petition, and concludes the following:

> While we have jurisdiction under § 2241 to entertain [Petitioner]'s pretrial habeas corpus petition, it is clear that he is not entitled to habeas relief at this time. To the extent that he has raised any federal constitutional claims in his petition, he has failed to exhaust them . . . [because Petitioner] has failed to present his claims to either the Superior Court of Pennsylvania or to the Supreme Court of Pennsylvania.
>
> ..............................................................................................
>
> We can then only consider [Petitioner]'s pre[-]trial habeas petition if there are extraordinary circumstances. We find none present here. The petition hints at an argument that pre-trial federal interference by way of habeas corpus may be justified because jurisdiction is lacking for the state to bring any

3

> criminal charges against [Petitioner] . . . [b]ut [Petitioner]'s jurisdictional theory amounts to nothing more than spurious 'redemptionist' or 'sovereign citizen' arguments that are patently frivolous.

(Doc. 7, pp. 4-5). Ultimately, the Magistrate Judge recommends that, for the reasons discussed, the petition be dismissed without prejudice due to failure to exhaust his state court remedies and failure to present extraordinary circumstances. (Doc. 7, p. 5).

After review, and in the absence of objections, because there is no clear error with Magistrate Judge Saporito's Report and Recommendation, it will be adopted as such, and the petition, (Doc. 1), will be dismissed without prejudice.

A separate Order will be issued.

**Date:** May 15, 2017

        **/s/ William J. Nealon**
        **United States District Judge**